UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN BIRDO,
    Plaintiff,

vs.                                                             06-3055

LOWELL BROWN, et. al.
    Defendants.

**ORDER**

Before the court are the defendant, Dr. Craig Olson's motion to dismiss [49] and the plaintiff's response [61].

**Standard**

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

The plaintiff is currently incarcerated within the Illinois Department of Corrections. He filed a petition to proceed in forma pauperis, along with a complaint, which was filed on May 22, 2006. He names as defendants, Lowell Brown, Deborah Fuqua, Terry Polk, Roger E. Walker, Dr. Funk, Dr. Craig Olson, Dr. Stephen Morton[1], Sue Redshaw, Gary Drawve, Jackie Miller,

---

[1]Morton was terminated on May 15, 2006.

H. Rebman, C. Shaw, S. Moore, Wexford Health Services, Inc., Mt. Sterling Orthopedic Clinic[2] and Blessing Hospital[3].

While incarcerated at Western Illinois Correctional Center, the plaintiff broke his arm on October 12, 2004. He was taken to the Health Care Unit, x-rays were taken, then he was taken to Blessing Hospital in Quincy, Illinois, 3- 4 hours later. There, Dr. Stephen Morton confirmed that a spiral fracture had occurred. The plaintiff alleges that no test were done to diagnose damage to the muscles and ligaments. Dr. Morton applied a temporary dressing to the plaintiff's arm and ordered him to return within 72 hours for "emergency definite setting." He explained to the plaintiff that it was imperative that he be seen within 72 hours because, if not, the bone would mend out of place. Dr. Morton prescribed ice packs and medications.

The plaintiff was returned to the Health Care Unit at Western and placed in the infirmary. The plaintiff was taken to the Quincy Medical Center 10 days later on October 22, 2004 to see Dr. Morton. The plaintiff claims the bone had mended out of place. Dr. Morton applied a fracture brace and shoulder immobilizer. The plaintiff believes that Dr. Morton wrote another prescription, but the plaintiff did not ever receive the medication.

On October 19, 2004, defendant H. Rebman denied the plaintiff's medication, "hydrocodone." On October 20, 2004, Shaw denied the plaintiff's medication, "hydrocodone." On October 21, 2004, Moore denied the same. During this period, the plaintiff was in a lot of pain and could not sleep. When he complained, the medical staff and C. Shaw called the plaintiff a "crybaby" and a "whining black bastard." The plaintiff wrote letters to the Health Care Administrator and the Medical Director complaining that he was not receiving a stronger painkiller. He also wrote the warden complaining about the delay in having his arm set. The plaintiff did not receive a response to his complaints. The plaintiff claims that he complained to each of the defendants through letters and grievances.

The plaintiff's claims against Dr. Olson are found in Counts Six, Seven and Eight, or paragraphs 96, 97 and 98 of the plaintiff's complaint. The plaintiff alleges that Dr. Olson was deliberately indifferent to his serious medical needs when he denied the plaintiff physical therapy with a specialist at his workplace for non-medical reasons. The plaintiff does not allege or state that Dr. Olson is a prison physician or was contracted as a prison physician. In fact, attached as Exhibit A to his memorandum of law [50], Dr. Olson indicates he has never been employed by a prison or been contracted as a prison physician. Further, attached as Exhibit B is the Affidavit of the Risk Manage for Quincy Medical Group indicating that during the timeframe alleged by the plaintiff that Dr. Olson was solely an employee of the Quincy Medical Group. In his argument, Dr. Olson states that he was employed by the Quincy Medical Group from September 1996 through March 2005. In his capacity as an employee of the Quincy Medical Group he did see patients at the Mt. Sterling Medical Clinic. However, at no point in time was he a prison

---

[2]Mr. Sterling Orthopedic Clinic was terminated on May 15, 2006.

[3]Blessing Hospital was terminated on May 15, 2006.

physician or contracted prison physician. The plaintiff does not dispute Dr. Olson's assertions or the assertions made in his attached affidavits.

## Conclusion

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedures, when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56. " *See Wilkow v. Forbes, Inc.* 241 F. 3d 552, 555 (7th Cir. 2001).

The Supreme Court has stated that medical treatment of prison inmates by a prison physician is a state action. *West v. Atkins*, 487 U. S. 42, 54, 108 F. Ct. 2250, 2258 (1988). The Supreme Court has indicated that a physician employed by a state to provide medical services to state inmates is acting under color of state law for purposes of Section 1983 when treating a prisoner. *Id.* This conduct is attributable to the state. *Id.* However, the United States Constitution protects individual rights from government action and not from private action. The Supreme Court has stated this proposition in numerous claims made by individual sunder the Fourteenth Amendment, First Amendment and Fourth Amendment. *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U. S. 40, 49, 119 S. Ct. 977, 985 (1999); *Hudgens v. National Labor Relations Board*, 424 U. S. 507, 513, 96 S. Ct. 1029, 1033 (1976); *United States v. Jacobsen*, 466 U. S. 109, 113, 104 S. Ct. 1652, 1656 (1984). Therefore, the Eighth Amendment only applies to government or state action. As Dr. Olson was not acting in any state of governmental capacity when he treated the plaintiff, his claims of violations under the Eight Amendment does not apply to Dr. Craig Olson. The plaintiff has alleged no claims against Dr. Olson other than violations of his Eight Amendment as stated in Counts Six, Seven and Eight of the plaintiff's complaint. There is no inference contained in the allegations that Dr. Olson was a state actor and therefore the plaintiff may not bring a complaint against him pursuant to 42 U. S. C. Section 1983. Therefore, the plaintiff's Eight Amendment claim(s) against Dr. Olson is dismissed, with prejudice and Dr. Olson is terminated as a defendant.

It is therefore ordered:

1. Pursuant to 42 U. S. C. Section 1983 and Fed. R. Civ. Pro. Rule 12(b)(6), Dr. Craig is granted summary judgment. At the close of this lawsuit, the clerk is directed to enter judgment in favor of Dr. Craig Olson and against the plaintiff. The clerk of the court is directed to terminate Dr. Olson, forthwith.

Enter this 21st day of February 2007.

s\ **Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT